# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| **JTV MFG, INC.,** | |
| Plaintiffs, | **No. 14-CV-4003-DEO** |
| vs. | **ORDER ON MOTION TO DISMISS** |
| **BRAKETOWN USA, INC., and ERMAK USA,** | |
| Defendants. | |

## I. INTRODUCTION AND BACKGROUND

The above captioned case concerns a lawsuit brought by the Plaintiff, JTV Manufacturing, Inc. [hereinafter JTV], against Braketown USA, Inc., d/b/a Mac-Tech [hereinafter Braketown], and Ermak USA, Inc. [hereinafter Ermak], the distributer and manufacturer of a fiber laser cutting machine (a piece of industrial equipment).

This matter is currently before the Court on the Defendants' Motion to Dismiss, Docket No. 6. The Defendants seek to dismiss the Plaintiff's Complaint or have venue changed to Illinois. The parties appeared for a hearing on April 8, 2014. After listening to the parties' arguments, the Court took the matter under consideration and now enters the following.

## II. BACKGROUND

In short, this case involves a warranty claim made by the Plaintiff against the Defendants. The Plaintiff bought a high priced piece of industrial equipment from manufacturer, Ermak, through sales agent, Braketown. The Plaintiff claims the equipment does not work and filed suit.

This case was removed to Federal Court on January 13, 2014. On January 21, 2014, the Defendants filed a Motion to Dismiss (Docket No. 6). In their original Motion to Dismiss, the Defendants raise three main arguments. First, the Defendants argue the Court does not have jurisdiction over the Defendants. Second, the Defendants argue that the Plaintiff has failed to state a claim against Ermak. Finally, the Defendants argue that even if the case is allowed to proceed, venue should be changed to Illinois.

On February 10, 2014, the Plaintiff filed an Amended Complaint (Docket No. 14). In response to the Amended Complaint and the Plaintiff's other filings, the Defendants dropped their claim that the Court does not have personal jurisdiction. See Docket No. 19, p. 1.

**III. MOTION TO DISMISS STANDARD**

The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." In order to meet this standard and to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means that the factual content of the plaintiff's allegations must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cole v. Homier Distrib. Co., Inc., 599 F.3d 856, 861 (8th Cir. 2010). Furthermore, courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. Zoltek Corp. v. Structural Polymer Group, 592 F.3d 893, 896 n. 4 (8th Cir. 2010) (internal citation omitted). This inquiry is "a context-specific task that requires the reviewing court

to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 664.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal alterations and citations omitted). Nevertheless, although the "plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a sheer possibility," it is not a "probability requirement." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). As such, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely," Id.

In assessing "plausibility," as required by the Supreme Court in Iqbal, the Eighth Circuit Court of Appeals has explained that courts should consider only the materials that are necessarily embraced by the pleadings and exhibits

4

attached to the complaint. See <u>Mattes v. ABC Plastics, Inc</u>., 323 F.3d 695, 697 n. 4 (8th Cir. 2003), stating that "in considering a motion to dismiss, the district court may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint. <u>Porous Media Corp. v. Pall Corp.</u>, 186 F.3d 1077, 1079 (8th Cir. 1999). The Court may also consider "materials that are part of the public record or do not contradict the complaint." <u>Miller v. Redwood Toxicology Lab., Inc.</u>, 688 F.3d 928, 931 (8th Cir. 2012). "A more complete list of the matters outside of the pleadings that a court may consider, without converting a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment, pursuant to Rule 12(d), includes matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." <u>Van Stelton v. Van Stelton</u>, 11-CV-4045-MWB, 2013 WL 3776813 (N.D. Iowa 2013) (internal citations omitted).

**IV. ISSUES**

In their Motion to Dismiss, the Defendants raise two issues. First, they argue that the Plaintiff has failed to state a viable warranty claim against Ermak. Second, the Defendants argue that venue is not proper in the Northern District of Iowa and that this case should be transferred to the Northern District of Illinois.[1]

**V. ANALYSIS**

**A. Failure to State a Claim**

This case generally involves a breach of contract/warranty claim made by the Plaintiff against the Defendants. Specifically, the Plaintiff claims it bought a piece of industrial equipment from Ermak through Mac-Tech. The Plaintiffs claim that the Defendants breached the contract because the equipment does not work. The parties agree that a choice of law provision dictates that Illinois law is applicable. In their Motion to Dismiss, Docket No. 6, the Defendants argue that the Plaintiff has failed to state a

---

[1] In their original Motion to Dismiss, the Defendants argued that this Court could not exercise jurisdiction over the Plaintiff's claim. Docket No. 6. However, the Defendants abandoned this claim in their Reply to the Plaintiff's Resistance. Docket No. 19.

claim against Ermak because the Plaintiff has failed to allege a contract with Ermak.[2]

In their brief, the Defendants set out the applicable contract law from Illinois:

> [t]he requirements of a valid contract are offer and acceptance, consideration, competent parties, legal purpose, and, if agreed to by the parties, a written agreement. <u>Lal v. Naffah</u>, 149 Ill. App. 3d 245, 500 N.E.2d 699, 792 (1st Dist. 1986). The burden of proving the existence of a contract rests on the party who seeks enforcement of the contract. <u>C. Iber & Sons, Inc. v. Grimmett</u>, 108 Ill. App. 2d 443, 248 N.E.2d 131, 133 (3d Dist. 1969). The plaintiff in a breach of contract action also has the burden of proving all of the material terms of the contract. <u>Vandevier v. Mulay Plastics, Inc.</u>, 135 Ill. App. 3d 787, 482 N.E.2d 377, 380 (1st Dist. 1985); <u>DeHeer-Liss v. Friedman</u>, 227 Ill. App. 3d 422, 427, 592 N.E.2d 13, 17 (1st Dist. 1991).

Docket No. 6, Att. 1, p. 7-8. The Defendants then go on to argue why they believe each of the Plaintiff's contract claims against Ermak fails. Regarding breach of express warranty, the Defendants argue:

---

[2] "A careful review of the documents shows that Ermak is not mentioned anywhere as a party to the documents." Docket No. 6, Att. 1, p. 8.

> [a] plaintiff pleading a claim for breach of express warranty must state the terms of the express warranty or attach them to the complaint. See <u>Board of Education of City of Chicago v. A, C & S, Inc.</u>, 131 Ill. 2d 428, 546 N.E.2d 580, 595 (1989). JTV's claim against Ermak fails because there are no allegations that Ermak affirmed any fact or promise about the quality of the machine or that Ermak provided a sample or model. JTV's Complaint simply concludes, "Ermak USA also provided an expressed warranty." Complaint, 3 ¶18. Paragraph 18 is merely a legal conclusion that the Court is not bound to accept. See <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). However, JTV does not indicate anything about the contents of the warranty. The language of any alleged warranty appears nowhere at all in the Complaint, nor in any of the exhibits attached to the Complaint. Without anything more than legal conclusion contained in paragraph 18, JTV's Complaint fails to state a claim for breach of express warranty against Ermak. Therefore, JTV's breach of express warranty claim must be dismissed as to Ermak.

Docket No. 6, Att. 1, p. 9. Regarding breach of implied warranties, the Defendants argue:

> "[i]n order for a plaintiff to file a claim for economic damages under the UCC for the breach of an implied warranty, he or she must be in vertical privity of contract with the seller." <u>Mekertichian v. Mercedes-Benz U.S.A., L.L.C.</u>, 347 Ill. App. 3d 828, 832, 283 Ill. Dec. 324, 807 N.E.2d 1165 (1st Dist. 2004)... "This means that `the UCC Article II implied warranties give a buyer of goods a potential cause of

8

> action only against his immediate seller.'" <u>Mekertichian</u>, 347 Ill. App. 3d at 832... JTV brings two claims for breach of implied warranties: Count 4 for Breach of Implied Warranty of Merchantability and Count 5 for Breach of Warranty of Fitness for a Particular Purpose. The damages alleged by JTV are purely economic. Complaint, 5 ¶¶29, 35. JTV alleges that it purchased the machine from Mac-Tech, Complaint, 1 ¶5, 2 ¶9. Likewise, the exhibits attached to the Complaint indicate that Mac-Tech was the seller of the machine. For example, the Sales Order Confirmation and Invoice were issued by Mac-Tech and written on Mac-Tech letterhead. Complaint, Exs. A, C. Furthermore, JTV's Purchase Order form lists Mac-Tech as the vendor. Complaint, Ex. B. The Complaint alleges that Braketown was the immediate seller of the machine. Thus, JTV lacks vertical privity of contract with Ermak. Without vertical privity with Ermak, JTV cannot state a claim for breach of implied warranties against Ermak. See <u>Mekertichian</u>, 347 Ill. App. 3d at 832. Therefore, JTV's breach of implied warranty claims against Ermak must be dismissed.

Docket No. 6, Att. 1, p. 9-10.

The Plaintiffs argue that documentation attached to the Amended Complaint sets out both the contract and the warranty between the Plaintiff and Ermak. As set in the Amended Complaint, the document referenced by the Plaintiff states:

9

> Fibermak Laser cutting machine warranty is 1 year from the date of first operation. All the necessary after sales service will be provided by Ermaksan during the warranty period for manufacturing defects and breakdowns. The parts that need to be replaced will be provided by Ermaksan free of charge during the warranty period.

Docket No. 14, Ex. A, p. 39. The Plaintiff cites this document as evidence of a contract and both an express and implied warranty.

In the supplemental brief, the Defendants argue that the document quoted above is merely a "price offer." See Docket No. 19, p. 2. The Defendants go on to state that under both Illinois and 8th Circuit law, a price offer is not sufficient to support a cause of action for breach of contract. Id.

It may turn out that the document quoted by the Plaintiff and attached to Amended Complaint is a price offer. If so, that document may not be evidence of a contract or a warranty under the relevant law. However, whether that document is a price offer, a contract, or something in between is a question of fact. (As is the point in time the contract was formed.) As discussed in the standard section above, it is not appropriate for the Court to consider or decide questions of fact at the motion to dismiss stage. What is clear at this

early stage of the case is that the Plaintiff has alleged a breach of contract, a breach of express warranty, and breach of implied warranty against Ermak. The Plaintiff has attached a document to the Amended Complaint which the Plaintiff alleges shows the existence of a contract and a warranty. On its face, that document states that Ermak will provide the Plaintiff a warranty. Accordingly, the Plaintiff has stated a claim under the contract and warranty theories discussed above. Whether a contract or a warranty actually existed is a question of fact that will be decided at a latter stage of the case. Accordingly, the Defendants' Motion to Dismiss for failure to state a claim is denied.

**B. Venue**

The Defendants' second argument is that venue is not proper in the Northern District of Iowa, and this case should either be dismissed or be transferred to the Northern District of Illinois.

Turning first to the issue of whether the case should be dismissed for lack of venue, Defendants contend that this Court is an improper venue and dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(3). See,

for example, Docket No. 19, p. 6. 28 U.S.C. Section 1391(b), the applicable federal venue statute, provides:

> [a] civil action may be brought in— (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under 28 U.S.C. Section 1391(b), a court should not "ask which of two or more potential forums is the 'best' venue...." Setco Enterprises, Corp. v. Robbins, 19 F.3d 1278, 1281 (8th Cir. 1994). Rather, the question is whether a plaintiff's chosen forum has "a substantial connection to the claim...." Id.

Arguing that venue is not appropriate in Iowa, the Defendants state:

> [n]one of the defendants reside in the Northern District of Iowa. As stated in the Complaint, Braketown's headquarters is in Milwaukee, Wisconsin, and Ermak's headquarters is in Elk Grove Village, Illinois. Complaint, 1 ¶¶2,3. With regard

> to the events giving rise to the claims, all the claims are contractual and, as discussed above, the contract was deemed to be made and performed in the State of Illinois. Complaint, Ex. A, 2 ¶18. Finally, no defendant may be found in the Northern District of Iowa. Moreover, the registered offices for each corporation are also outside the Northern District of Iowa. The registered office of Braketown is located in Lombard, Illinois and the registered office of Ermak is located in Chicago, Illinois. Ex. 1 ¶¶ 5,8. Accordingly, because none of the criteria of 28 U.S.C. § 1391 have been met, venue is not proper in the Northern District of Iowa. Thus, JTV's Complaint should be dismissed for improper venue.

Docket No. 6, Att. 1, p. 11. However, the Plaintiff responds that the Northern District of Iowa has a substantial connection to the claim. Specifically, the Plaintiff states that the contract, discussed above, was performed in Iowa when Ermak delivered the equipment to JTV's plant in Sutherland, Iowa. The Plaintiff goes on to say:

> [i]n this case, relevant omissions occurred in Iowa. Under the terms of the contract, Defendants were to install a properly functioning Machine in Sutherland, Iowa. Defendants failed to do so. In fact, Defendant Ermak sent its employees to Plaintiff's plant in Iowa on more than 15 occasions to repair the Machine, each time without avail. As such, under <u>Tyson Meat Products</u>, the Northern District of Iowa is a proper venue because the contract was to

13

> be performed in Iowa and relevant omissions occurred in Iowa.

Docket No. 12, p. 12.

The Court agrees with the Plaintiff that a substantial portion of the events or omissions giving rise to the present claim occurred in the Northern District of Iowa. As stated above, the contract directed the Defendants to deliver the equipment to Iowa, and then provide service to ensure its operation in Iowa. The Plaintiff's claim is that the Defendants failed to provide working equipment to the plant in Sutherland, Iowa. Clearly, the (alleged) failure to deliver working equipment to JTV's Iowa plant occurred in Iowa, and the associated omission, Defendants' failure to repair the equipment, also occurred in the Northern District of Iowa. Accordingly, the Defendants' request that the Plaintiff's claim be dismissed for lack of venue is denied.

Finally, the Defendants argue that even if venue is appropriate in Iowa (it is), that the case should be transferred to Illinois for the convenience of the parties.

28 U.S.C. § 1404(a), provides:

> [f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil

> action to any other district or division where it might have been brought....

The primary purpose of § 1404(a) is to provide a district court discretion to transfer venue for reasons of convenience and fairness "despite the propriety of the plaintiff's venue selection." Van Dusen v. Barrack, 376 U.S. 612, 634 (1964). The Eighth Circuit has recognized that "considerable deference" is given "to a plaintiff's choice of forum," and, therefore, the "party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." In re Apple, Inc., 602 F.3d 909, 913 (8th Cir. 2010).

A court should consider "the convenience of the parties, the convenience of witnesses, [and] the interests of justice," as well as any other relevant factors. Terra Intern., Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 696 (8th Cir. 1997). Under the general category of "convenience," a court should consider ...

> (1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained

> of occurred, and (5) the application of each forum state's substantive law.

Id. at 696.

Under the general category "Interest of Justice," a court should consider:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

Id.

The Defendants argue:

> both Defendants have registered offices in the Northern District of Illinois, Ex. 1 ¶¶5, 8, making the Northern District of Illinois a convenient forum for the defendants. In addition, witnesses for the case will most likely be officers or employees of the defendants, which again makes the Northern District of Illinois a convenient forum because of the proximity to Defendants' offices. Likewise, with defendants' registered offices in the Northern District of Illinois, the records and documents relevant to this case would also be located in the Northern District of Illinois. As for the location of the conduct complained off, although installation took place in Iowa, the terms of the alleged contract indicated that the contract was made and performed in Illinois, which weighs in favor of finding the Northern District of Illinois to be a

16

> convenient forum. Complaint, Ex. A, 2 ¶18. Furthermore, the choice of law indicates that Illinois law is to be applied to the contract. Because Illinois law applies and because the Northern District of Illinois is more familiar with Illinois law, this factor weighs in favor of transfer to the Northern District of Illinois. With numerous factors favoring transfer [to] the Northern District of Illinois, in the event that venue is found proper, there is substantial reason for transferring the case. Thus, in the event that this Court does not dismiss JTV's complaint, Ermak and Braketown ask that this Court transfer the case to the Northern District of Illinois.

Docket No. 6, Att. 1, p. 12-13.

The Plaintiff responds that venue is not appropriate in Illinois because Illinois does not have personal jurisdiction over the Plaintiff. See <u>Martin v. Wal-Mart Stores, Inc.</u>, 2000 WL 33915814 at 4 (N.D. Iowa 2000), stating, "the statute permits transfer of a civil action only to a district in which the action 'might have been brought.'" The Plaintiff goes on to argue that even beyond the jurisdiction issue, the Defendants have failed to meet their burden to show that venue should be transferred to Illinois. JTV argues that the Defendants have not named which witnesses are located in Illinois, nor have they rebutted this Court's presumption that "the location of documents is no longer entitled to much

17

weight in the transfer of venue analysis." Martin, 2000 WL 33915814, at 7. Finally, the Plaintiff argues that the Defendants have failed to explain why witness having to travel from one state away truly amounts to an inconvenience.

Again, the Court is persuaded that the Plaintiff is correct. First, as discussed above, a substantial portion of the events and omissions giving rise to this cause of action occurred in the Northern District of Iowa. For that reason, Iowa seems like an appropriate forum. Additionally, while the Court does not doubt that some of the Defendants' witnesses will have to travel from Illinois, an equal number of witnesses will likely be local to the Northern District of Iowa. Thus, that is another factor in favor of retaining venue in Iowa. Moreover, the biggest piece of evidence, the equipment at issue, is located in the Northern District of Iowa; and, it is beyond doubt that the location of documents is no longer an important consideration in a case such as this.[3] The Court suspects that electronic versions of the

---

[3] The Court can envision cases which rely on volumes of documents that predate the modern electronic era. Accordingly, in that type of case, location of the documents may still be a valid consideration. However, this case is about a contract that arose in 2011, well into the modern era

relevant contracts/documents (beyond those filed at Docket Nos. 1, 4 and 14) already exist.  If not, it is short administrative work to scan and (if appropriate) file those documents electronically.  Once electronic versions exist, they will be readily accessible regardless of the parties' physical location.  Finally, while the Court appreciates the Defendants' concern that the application of Illinois law may be particularly onerous, the Court is capable of applying state law other than Iowa state law, and has done so hundreds of times in the past.  Accordingly, based on those factors and all those outlined in the <u>Terra Intern. Inc.</u> case cited above, the Court concludes that this case should not be transferred to the Northern District of Illinois and the Defendants' motion to do so is denied.

**VI.  CONCLUSION**

For the reasons set out above, Defendants' Motion to Dismiss and Motion to Transfer Venue, Docket No. 6, is **DENIED.**

**IT IS SO ORDERED** this 9th day of September, 2014.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

---

of electronic documentation.  Thus, this is not the type of case where location of documents commands much thought.

19